## DE GIGLIO v. The MASTER ELIAS KULUKUNDIS.

Adm. 19080.

United States District Court
E. D. New York.

April 13, 1949.

Joseph F. Ruggieri, Brooklyn, N. Y., for libelant.

Reid, Cunningham & Freehill, New York City (Frederick H. Cunningham, New York City, advocate), for respondents.

Alexander & Ash, New York City (Sidney A. Schwartz, New York City, advocate), for respondent-impleaded.

KENNEDY, District Judge.

The libelant was injured while working as a carpenter on board the Master Elias Kulukundis. He was in the employ of T. J. Hamill & Co., Inc. (hereafter called Hamill). That firm was under an independent contract with the owners of the steamer to install shifting boards.

The owner and claimant of the steamer has filed its petition to implead Hamill, and the latter excepts to the petition. In opposition to the exception, the steamer's claimant has filed an affidavit, which in substance alleges that complete control of the portion of the vessel where the libelant was injured had been lodged in Hamill, and, therefore, the latter belongs in the case as an impleaded-respondent. Relying very largely upon this affidavit, Hamill points out that there is no reason why it should be impleaded: that the affidavit establishes nothing more than a defense against libelant's claim, and that, if that defense be established, then libelant will not recover against the steamer, and any remedy against his employers (Hamill) will be barred by the compensation statute. It must be admitted that the argument is ingenious. Moreover, it is supported by a very careful brief setting forth practically all of the authorities that could conceivably be in point.

Nevertheless, it is clear to me that the exception should be overruled. Libelant says that his injuries were caused by defective equipment belonging to the steamer and "furnished" by it (article 18). In its petition to implead (article 9) the claimant of the steamer says that the contract between it and Hamill required the latter to use the ship's appliances in a proper manner and "to avoid the creation and/or adoption of dangerous conditions at the places where the said work was being performed; and to eliminate any dangerous conditions which might arise or might be discovered by the exercise of reasonable care and inspection in the course of the said work". Regard-

less, therefore, of what may be termed admissions in the affidavit already mentioned, and assuming that it is proper to consider affidavits in connection with exceptions in the admiralty, the pleadings themselves disclose, at least to me, an issue of fact which might conceivably be resolved in such manner as to lead to the conclusion that both the steamer and the contractor were at fault. If those pleadings be given the benefit of their fair intendment, the trial court might find a case for contribution grounded in tort or contract, or possibly in both. It would, therefore, be wrong to deny the petition to implead, because it would mean the premature resolution of an issue of fact.

The exception is overruled.